Case 5:26-cv-00081   Document 27   Filed 03/03/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| SINGH JASWINDER, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00081 |
| § | |
| MIGUEL VERGARA, *et al.*, § | |
| § | |
| Respondents. § | |

# ORDER

Pending before the Court is Petitioner Jaswinder Singh's ("Petitioner") Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS). Petitioner seeks enforcement of his rights as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

On November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025):

> **Bond Eligible Class**: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1. The Central District of California extended to the Bond Eligible Class as a whole the declaratory relief it had previously granted: that the Department of Homeland Security Policy of mandatory detention for all applicants for admission under § 1225 is unlawful. *Maldonado Bautista*, 2025 WL 3288403, at *9. On December 18, 2025, the *Maldonado Bautista* court entered a final judgment. *Maldonado Bautista et al v. Santacruz*,

2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). The declaratory judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Id*.

Petitioner alleged he was a member of the Bond Eligible Class because he 1) does not have lawful status in the United States and is currently detained at the Rio Grande Processing Center after being apprehended by immigration authorities on December 1, 2025, 2) entered the United states without inspection over eight years ago and was not apprehended upon arrival; and 3) is not detained under 8 U.S.C. § 1226(c), §1225(b)(1), or § 1231. (Dkt. 1 at 3.)

The Court ordered Respondents to show cause and submit a response, and Respondents submitted a timely response and Motion to Dismiss, and, Alternatively, Motion for Summary Judgment. (Dkts. 3, 13, 14.) Respondents argue that Petitioner is not entitled to relief because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and he is not a member of the Bond Eligible Class. (Dkt. 14 at 15–21.) Respondents argue that Petitioner is not a member of the class because he was apprehended upon arrival when he came to the United States in 2017 and because he was subject to mandatory detention under 8 U.S.C. § 1225(b)(1). (Dkt. 18 at 2–3.) Respondents submit an ICE Encounter Report describing Petitioner's apprehension upon arrival and placement in Expedited Removal Proceedings. (Dkt. 14, Attach. 2.) Petitioner has not contested Respondents characterization, nor the evidence submitted by Respondents. (*See generally* Dkt. 22.)

Accordingly, the Court finds that Petitioner is not a member of the Bond Eligible Class, and therefore he is not entitled to relief based on his claim that he is a member of the Bond Eligible Class. For that reason, Respondent's Motion for Summary Judgment, (Dkt. 14), is **GRANTED**. Petitioner's Petition for Habeas Corpus, (Dkt. 1), is **DENIED**.

IT IS SO ORDERED.

SIGNED this March 3, 2026.

_____
Diana Saldaña
United States District Judge